**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 15, 2006[*]
Decided January 31, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-4086

| | |
|---|---|
| KEVIN J. LONG,<br> *Plaintiff-Appellant,*<br><br> *v.*<br><br> MARTIN A. VOGEL, et al.,<br> *Defendants-Appellees* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br> No. 04 C 4581<br><br> Joan B. Gottschall,<br> *Judge.* |

**O R D E R**

Kevin Long has filed a number of federal lawsuits that have resulted in sanctions from both the district court and this court. Most recently, Long sued two police officers, the Bishop of the Archdiocese of Chicago, a school, a nun, and several

---

[*] After an examination of the briefs and the records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and records. *See* Fed. R. App. P. 34(a)(2).

others under § 1983, claiming that they violated his federal civil rights and committed various state-law torts. During the course of the litigation, some of the defendants moved for sanctions under Federal Rule of Civil Procedure 11 after Long allegedly left a message on a third party's answering machine admitting to filing the suit to harass the defendants. Long argued that the recording had been tampered with and asked the assigned magistrate judge to order the tape analyzed. The magistrate judge denied this request, so Long mailed purported subpoenas to the non-party owner of the tape and one of the defendants commanding them to produce the tape and answering machine so that they might "undergo forensic analysis." The defendants responded that the subpoenas were invalid under Federal Rule of Civil Procedure 45(a)(3) because they lacked the requisite signature by the clerk of the court or by an officer of the court, and moved to quash them after Long refused each of their three requests to either validate the subpoenas through the clerk's office or withdraw them altogether.

During a hearing on the matter, Long admitted to the magistrate judge that the subpoenas were invalid. The magistrate judge, characterizing the subpoenas as an attempt by Long to circumvent the court's ruling on his request for analysis of the tape, fined Long $1000 and warned him that failure to pay within 30 days would result in a recommendation to the district court that his suit be dismissed under Federal Rule of Civil Procedure 37(b). Long did not pay, and the magistrate judge followed through and recommended dismissal. In reviewing that recommendation

the district court observed that this was not the first time Long had failed to follow the court's rules and abide by its rulings. In other cases, the court noted, Long had repeatedly disobeyed court orders and refused to pay monetary sanctions levied against him. The district court thus adopted the magistrate judge's recommendation and dismissed Long's case with prejudice, noting that Long's "past conduct has not been deterred by sanctions short of dismissal." Long appeals, arguing in case no. 05-4086 that the court abused its discretion in dismissing his case as a sanction against him and violated his Seventh Amendment right to a jury trial.

We review a decision to sanction a plaintiff with dismissal for abuse of discretion. *Dotson v. Bravo*, 321 F.3d 663, 666 (7th Cir. 2003). Abuse of discretion exists only where no reasonable jurist would agree with the trial court's sanction or where the court's decision strikes us as fundamentally wrong, or is clearly unreasonable, arbitrary, or fanciful. *Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 758 (7th Cir. 2005). Although dismissal is a harsh sanction, and its use should be limited, dismissal is proper where the offending party has displayed willfulness, bad faith, or fault provided that the court first considers and explains why lesser sanctions would be inappropriate. *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003).

Here, the district court determined that Long's wilful disregard of the magistrate judge's discovery ruling and his attempt to circumvent that ruling by serving subpoenas that even he admitted were invalid demonstrated a pattern of

obstinance. Recognizing that Long had flouted lesser sanctions in the past and had violated the same court rules more than once—even after the court levied monetary sanctions against him—the district court reasoned that dismissing his case was the only sanction that would deter him from engaging in similar conduct in the future, particularly considering that he had refused to pay any of his outstanding fines. Given the court's thorough analysis of Long's conduct in the present case and his history of flouting judicial admonitions and monetary sanctions, we cannot conclude that the district court abused its discretion by explicitly rejecting lesser sanctions in favor of dismissing Long's case with prejudice. As for Long's Seventh Amendment argument, when a court dismisses a case within the bounds of its discretion, as the court did here, there is no constitutional violation. *3 Penny Theater Corp. v. Plitt Theaters, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987); *see also Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336 (1979) (explaining that procedural devices like summary judgment that have "diminished the civil jury's historic domain" are not inconsistent with Seventh Amendment).

Accordingly, the judgment of the district court is AFFIRMED.